**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOMMER SHERWOOD,

        Plaintiff,

v.                                                    Case No:   6:25-cv-2506-PGB-LHP

DIRECT FUNDING NOW, LLC,
KENNETH MANESSE, CHRISTIAN
MURILLO and JOHN DOE CALLERS
1-10,

        Defendants

---

**ORDER**

Before the Court is *pro se* Plaintiff's Motion for Clerk's Default Against Direct Funding Now, LLC.   Doc. No. 7.   On review, the motion fails to comply with Local Rule 3.01(b) and does not demonstrate, with citation to legal authority, that service of process on Defendant Direct Funding Now, LLC was proper under federal or state law.[1]   *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered

---

[1] The motion does not indicate whether service was attempted under the Federal Rules of Civil Procedure, Florida law, or California law.

against a defendant, the Court must determine that the defendant was properly served).

Specifically, the return of service states that the summons was served upon Koy Saechao, "who is designated by law to accept service of process on behalf of Direct Funding Now LLC" at "271 Gateway Oaks Dr Ste 150N, Sacramento, CA 95833." *See* Doc. No. 4. However, Plaintiff's motion fails to provide information regarding Koy Saechao's relationship to Direct Funding Now, LLC (whether an employee, or otherwise) and such information is not apparent from the Court's review of the California Secretary of State's website.[2] Without this information, the Court cannot determine whether Plaintiff properly effected service under federal, Florida, or California law. *See, e.g., Fitzgerald v. Trans Union, LLC*, No. 5:25-cv-496-JA-PRL, 2025 WL 3240095, at *2-3 (M.D. Fla. Nov. 20, 2025) (because Plaintiff has not demonstrated that the person who was served is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Plaintiff failed to establish that service was proper under Fed. R. Civ. P. 4(h)(1)(B)); *Lewis v. Brock & Scott PLLC*, No. 8:19-cv-616-T-23JSS, 2019 WL 13267114, at *1 (M.D. Fla. Apr. 26, 2019) (determining that plaintiffs failed to

---

[2] Records maintained by the California Secretary of State are available at https://bizfileonline.sos.ca.gov/search/business (last visited Feb. 27, 2026). The records for Defendant Direct Funding Now LLC are accessible by entering "Direct Funding Now LLC" into the search field.

establish proper service because the return of service and plaintiffs' motion for clerk's default did not indicate how the individual served was authorized to accept service on behalf of the corporate defendant in Oklahoma or explain how service was proper under Rule 4, Florida law, or Oklahoma law).  *See also* Cal. Civ. P. Code § 416.40(b); Cal. Corp. Code § 17701.16(b); Fla. Stat. §§ 48.181(1)-(2); 48.161.  The Court also notes that service did not occur at the address provided for Direct Funding Now, LLC in the public records, and Plaintiff provides no explanation for this discrepancy.

Accordingly, Plaintiff's motion (Doc. No. 7) is **DENIED without prejudice**. Within **twenty-one (21) days** from the date of this Order, Plaintiff shall file a renewed motion, fully supported by applicable legal authority, which establishes that service of process on Direct Funding Now, LLC was proper under either federal or relevant state law.  *See Persia v. Tab Rest. Grp., LLC*, No. 6:23-cv-1663-PGB-DCI, 2024 WL 1555334, at *3 (M.D. Fla. Apr. 10, 2024) ("[I]f [p]laintiff claims that service on David Visby was sufficient based simply on this individual's statement to the process server that they are authorized to accept service, then [p]laintiff must provide the Court with authority in support of that proposition.").  *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties

- 4 -