**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOMMER SHERWOOD,

        Plaintiff,

v.                                                      Case No:   6:25-cv-2506-PGB-LHP

DIRECT FUNDING NOW, LLC,
KENNETH MANESSE, CHRISTIAN
MURILLO and JOHN DOE CALLERS
1-10,

        Defendants

---

**ORDER**

Plaintiff, proceeding *pro se*, filed a Motion for Clerk's Default Against Direct Funding Now, LLC on February 10, 2026.  Doc. No. 7.  On March 2, 2026, the Court denied this motion without prejudice, for two reasons.  Doc. No. 8.  First, the return of service indicated that service was effected upon Ms. Koy Saechao, a person "designated by law to accept" service on behalf of Direct Funding Now, LLC (Doc. No. 4), but neither the return of service nor the motion explained what Ms. Saechao's relationship is to Direct Funding Now, LLC, nor was such information

apparent from the Court's review of the California Secretary of State's website.[1]

Doc. No. 8.   Further, the motion failed to explain how such service was proper

under either federal or relevant state law.   *Id.*   Second, service was effected at an

address for Direct Funding Now, LLC that is different to that listed in the public

records, and no explanation was provided for that discrepancy.   *Id.*   The Court

therefore ordered Plaintiff to file, within twenty-one (21) days of the date of the

Order, a renewed motion, fully supported by applicable legal authority,

establishing that service of process on Direct Funding Now, LLC was proper under

either federal or relevant state law.   *Id.*

On April 10, 2026, Plaintiff filed a Renewed Motion for Clerk's Default

Against Direct Funding Now, LLC, which is now before the Court.   Doc. No. 12;

*see also* Doc. No. 10.   To the motion, Plaintiff attaches the same return of service.

*See* Doc. No. 12-2; *see also* Doc. No. 4.   In addition, while Plaintiff cites to Federal

Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 416.10(a),

neither of these general authorities establish that service was proper under federal

or relevant state law under the facts of this case.   Doc. No. 12.   For example,

Plaintiff does not provide any information establishing the relationship Koy

---

[1] Records maintained by the California Secretary of State are available at https://bizfileonline.sos.ca.gov/search/business (last visited April 14, 2026).   The records for Defendant Direct Funding Now, LLC are accessible by entering "Direct Funding Now LLC" into the search field.

Saechao has with Direct Funding Now, LLC, or how Koy Saechao is authorized to accept service.   And the motion again fails to explain the discrepancy between the address used for service of Direct Funding Now, LLC and the address listed in the public records.

Accordingly, Plaintiff's renewed motion (Doc. No. 12) is **DENIED without prejudice**.   The Court will afford Plaintiff <u>one final opportunity</u> to establish the propriety of service upon Direct Funding Now, LLC.   Within **twenty-one (21) days** from the date of this Order, Plaintiff shall file a renewed motion, fully supported by applicable legal authority, which establishes that service of process on Direct Funding Now, LLC in the manner set forth in the return of service was proper under either federal or relevant state law.   *See, e.g., Persia v. Tab Rest. Grp., LLC*, No. 6:23-cv-1663-PGB-DCI, 2024 WL 1555334, at *3 (M.D. Fla. Apr. 10, 2024) ("[I]f [p]laintiff claims that service on David Visby was sufficient based simply on this individual's statement to the process server that they are authorized to accept service, then [p]laintiff must provide the Court with authority in support of that proposition."). Alternatively, by this deadline, Plaintiff can file a motion seeking an extension of time to effect proper service of process.

**Plaintiff is cautioned that failure to comply with this Order may result in a recommendation that Direct Funding Now, LLC be dismissed for failure to prosecute.**   *See* Fed. R. Civ. P. 41(b); Local Rule 3.10.   *See also Moon v. Newsome*, 863

F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

    **DONE** and **ORDERED** in Orlando, Florida on April 20, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties

- 4 -