SEP 16 2026 PM1:27 FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

**SOMMER SHERWOOD,**

Plaintiff,

v. Case No. 6:25-cv-02506-PGB-CAB

**DIRECT FUNDING NOW, LLC;**

**KENNETH MANESSE;**

**CHRISTIAN MURILLO; and**

**JOHN DOE CALLERS 1–10,**

Defendants.

_______________________________________/

# PLAINTIFF'S RESPONSE TO SEPTEMBER 3, 2026 ORDER TO SHOW CAUSE

Plaintiff Sommer Sherwood, proceeding pro se, respectfully responds to the Court's September 3, 2026 Order to Show Cause (Doc. 29) and states:

1. The Court directed Plaintiff to show cause why this action should not be dismissed under Local Rule 3.10 based on the failure to timely file the Case Management Report required by Local Rule 3.02(b).
2. Plaintiff acknowledges that the Case Management Report was not filed within the time required by the Court's Initial Case Order and Local Rule 3.02(b). Plaintiff does not contend that Defendant Direct Funding Now, LLC's pending Motion to Dismiss (Doc. 21), standing alone, suspended that requirement.
3. The missed Case Management Report deadline was inadvertent. It did not result from an intent to abandon this action, disregard the Court's requirements, or cease prosecuting Plaintiff's claims. Plaintiff remains actively engaged in this litigation and intends to continue prosecuting her claims against Direct Funding Now, LLC.
4. After recognizing the outstanding Case Management Report issue, and before the Court entered the present Order to Show Cause, Plaintiff took steps to address it with opposing counsel. On August 26, 2026, Plaintiff contacted counsel for Direct Funding Now, LLC to coordinate the Rule 26(f) planning conference and completion of the Case Management Report. Plaintiff also asked whether Defendant would agree to jointly seek appropriate relief concerning the timing of the Case Management Report.

5. Defense counsel responded and proposed that the parties consider a stay while Defendant's Motion to Dismiss remained pending. Plaintiff responded on August 27, 2026 that she was willing to consider a joint stay, provided that any proposed relief addressed the Case Management Report and preserved the parties' respective positions concerning the pending jurisdictional issues.

6. On September 3, 2026, defense counsel advised Plaintiff that, because the parties had already been discussing the Case Management Report issue, Defendant would support a joint motion concerning the Case Management Report and requested a meet-and-confer.

7. Plaintiff thereafter advised defense counsel that she was available to confer concerning the Case Management Report, the Court's September 3 Order to Show Cause, and appropriate joint case-management relief. Plaintiff remains willing and prepared to participate promptly in the Rule 26(f) planning conference and complete the Case Management Report, or to proceed in accordance with such other case-management direction as the Court may enter.

8. Plaintiff recognizes that responsibility for complying with the Court's deadlines remains notwithstanding the parties' discussions. Plaintiff respectfully submits, however, that the circumstances demonstrate that the

non-filing of the Case Management Report was inadvertent rather than an abandonment of this action or a failure to pursue it.

9. Plaintiff's conduct before and after entry of the Order to Show Cause demonstrates her intent to move this action forward. Plaintiff initiated discussions with defense counsel concerning the Case Management Report before the Court entered Doc. 29 and has continued attempting to resolve the outstanding case-management issue thereafter.

10. Defendant Direct Funding Now, LLC has appeared and is actively defending this action. Defendant's Motion to Dismiss remains pending, and Plaintiff filed a substantive Response in Opposition to that motion on July 10, 2026 (Doc. 24). Plaintiff respectfully submits that the record as a whole demonstrates continued prosecution of this action rather than abandonment or lack of interest in pursuing her claims.

11. Local Rule 3.10 permits dismissal for failure to prosecute when a plaintiff fails, in response to an order to show cause, to demonstrate due diligence and just cause for delay. Plaintiff respectfully submits that the inadvertent nature of the missed deadline, her efforts to address the Case Management Report before entry of the present Order to Show Cause, the parties' subsequent discussions concerning appropriate case-management relief, and

Plaintiff's continued prosecution of the pending claims demonstrate that dismissal is not warranted.

12. Plaintiff understands the importance of complying with all deadlines established by the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders, and will diligently comply with all such requirements going forward.

**WHEREFORE**, Plaintiff respectfully requests that the Court accept this Response as compliance with the September 3, 2026 Order to Show Cause (Doc. 29), decline to dismiss this action for lack of prosecution, discharge the Order to Show Cause, and permit this action to proceed. Plaintiff stands ready to promptly complete the Rule 26(f) and Case Management Report process, or to comply with such other case-management direction as the Court deems appropriate while the pending Motion to Dismiss is under consideration.

Respectfully submitted this 16th day of September, 2026.

**SOMMER SHERWOOD, Pro Se**

1848 Morgan's Mill Circle

Orlando, Florida 32825

Telephone: 336-901-1506

Email: sherwoodsommer1@gmail.com

/s/ Sommer Sherwood

**Sommer Sherwood**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2026, I served a true and correct copy of the foregoing upon:

Peter Bartoszek, Esq.

Wicker, Smith, O'Hara, McCoy & Ford, P.A.

390 North Orange Avenue, Suite 1000

Orlando, Florida 32801

pbartoszek@wickersmith.com

Counsel for Defendant Direct Funding Now, LLC

by Email

/s/ Sommer Sherwood

**Sommer Sherwood**