126438-5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOMMER SHERWOOD, CASE NO. 6:25-cv-02506

Plaintiff,

vs.

DIRECT FUNDING NOW LLC et al,

Defendants.
_________________________/

# DIRECT FUNDING NOW, LLC'S OBJECTION TO REPORT AND RECOMMENDATION

Defendant Direct Funding Now, LLC ("DFN"), by its undersigned counsel, hereby respectfully objects to the Report and Recommendation as to its motion to dismiss (Doc. 36) (the "R&R") because of a lack of personal jurisdiction. DFN does not object to the remainder of the R&R.

## MEMORANDUM OF LAW

### I. The Court Does Not Have Personal Jurisdiction Over DFN.

This action stems from alleged telephone calls made to Plaintiff, Sommer Sherwood, regarding commercial/business loan opportunities. Defendant DFN did not initiate these phone calls, and the Complaint makes no non-conclusory allegations as to a principal/agent relationship with whoever made those calls to the Plaintiff.

The R&R focuses on specific personal jurisdiction over DFN and found that the declaration submitted by DFN "does not sufficiently rebut Plaintiff's prima facie

contention that the marketers are agents of DFN." Doc. 36, p.9. The R&R examined these four paragraphs in that declaration to determine that they did not sufficiently rebut Plaintiff's claims:

1. DFN works with third-party marketers who generate leads, but DFN does not direct or control how those marketers obtain the leads, nor how they obtain the contact information for those leads.
2. DFN does not direct any third-party entity to call any specific entities or individuals.
3. DFN does not supply lists of phone numbers to third-party marketers.
4. DFN does not authorize any third-party marketing entity with which it works to enter into agreements on DFN's behalf, including as to Plaintiff.

But the R&R does not fully grapple with the cases cited by DFN regarding the need for allegations specific to agency. *See Strauss v. CBE Group, Inc.,* 173 F. Supp. 3d 1302, 1310 (S.D. Fla. 2016) (no agency relationship in TCPA action between firm and telemarketer because of lack of substantial control over agent's actions and no evidence that firm "gave [telemarketer] access to its systems, authorized [telemarketer] to use its name or marks, or knew that [telemarketer] was violating the TCPA and failed to stop it"); *Cabrera v. Gov't Employees Ins. Co.,* 452 F. Supp. 3d 1305, 1317 (S.D. Fla. 2014) ("principal must have the right to control the manner and method of work carried out by the agent, and the agent must be able to affect the legal relationships of the principal.") (quote marks omitted). The Plaintiff never alleges anything about an

agency relationship between whoever called her and this defendant, DFN. She essentially states that she received calls that referred her to two different websites bearing addresses in Nevada for virtual offices. Complaint, paras. 21 and 22. Such allegations are insufficient to show that DFN had the right to control whoever called the Plaintiff. With no real allegations about agency, and no allegation that DFN itself made the calls, there is no way for Plaintiff to establish the "contacts" with Florida that would permit the Court to exercise jurisdiction over DFN via the long-arm statute. There is simply no plausibly pled connection between DFN and the calls in question, meaning there is no agency pled, meaning there can be no personal jurisdiction over DFN. *Wilkerson v. Insureme Inc.*, No. 6:25-CV-676-LHP, 2026 WL 809589, at *4 (M.D. Fla. Mar. 24, 2026).

October 23, 2026 Respectfully submitted,


/s/ Peter Bartoszek
Peter Bartoszek (1015519)
PBartoszek@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Telephone: (407) 843-3939
Facsimile: (407) 649-8118
*Attorneys for Direct Funding Now LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 23, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Peter Bartoszek*
Peter Bartoszek

**SERVICE LIST**

Sommer Sherwood
1848 Morgans Mill Cir.
Orlando, FL 32825
*Via US Mail*